UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 09-152-P-H |
| | ) | |
| MICHAEL PRESSEY, | ) | |
| DEFENDANT | ) | |

## PARTIAL RULING ON DEFENDANT'S MOTION TO SUPPRESS

This is a prosecution for possession of unregistered destructive devices, specifically pipe bombs. Apparently they were discovered unexpectedly while agents were conducting a search for illegal drug activity and a firearm.

The defendant Michael Pressey has filed a motion to suppress evidence on the following grounds:

1. That the search warrant affidavit does not contain probable cause;

2. That the issuing judge was not authorized to issue a search warrant;

3. That the search exceeded the scope of the warrant;

4. That there was no probable cause for his arrest and the resulting evidence of his identity and his bedroom; and

5. That he was not advised of his Miranda rights upon arrest and before questioning.

I **DENY** the motion to the extent that it is based on Grounds 1, 2, and 3.

### *Ground 1: Adequacy of the Affidavit*

Pressey argues that the affidavit did not provide a basis for the issuing judge to evaluate "the credibility and reliability of the source of the information" the affiant relied upon. Mot. to Suppress Evid. at 2 (Docket Item 39). He focuses in particular upon the use of a confidential informant who, he says, provided "the only evidence of Mr. Pressey's involvement in any of the drug transactions." Id. at 2-3. He argues that "[a]bsolutely no information is offered concerning the reliability of the informant." Id. at 3. I disagree. The affidavit recounted numerous instances where the confidential informant's information was confirmed by law enforcement, as well as the informant's activities while wearing an electronic monitoring device and under surveillance. It also established that Pressey lived next door to a William Hopkins who was dealing drugs, and that there was regular traffic back and forth between their respective apartments. On one occasion when the informant told agents that he had been informed that Hopkins went next door to Pressey's apartment to get drugs, an agent conducting surveillance saw someone leave the drug dealer's apartment, go to Pressey's apartment, enter, and then return. Aff. and Request for Search Warrant ¶ 15 (Docket Item 39-1). Likewise, Special Agent Calloway "told me [the affiant] that he watched [an individual] walk over to [Pressey's apartment] and saw Pressey and [the other individual] exit the side porch door at [Pressey's apartment] and return back over to the garage at [the adjacent apartment] and provide [the confidential informant] a glassine baggie containing white powder believed to be cocaine." Id. ¶ 36. That white powder was turned over to agents and field tested positively for

cocaine. Id. ¶ 37. I conclude that under the standards established by Illinois v. Gates, 462 U.S. 213 (1983), there was enough in the affidavit to support the veracity of the informant and enough to support probable cause for searching Pressey's residence.

***Ground 2: Authority of the Issuing Judge***

The search warrant was issued by a Maine Superior Court Justice. In the past, only Maine district judges issued warrants. But in 2007 Maine's Chief Justice, acting pursuant to statutory authority, expressly authorized Superior Court Justices to sit as District Court judges. My colleague Judge Woodcock has recently reviewed the state law on the subject and concluded that warrants issued by Superior Court Justices are valid. United States v. Cameron, 2009 WL 2832247 (Sept. 1, 2009). I agree completely with his reasoning and see no reason to repeat it.

***Ground 3: Scope of the Warrant vs. Scope of the Search***

The warrant authorized the search of the premises and of any vehicles under Pressey's control. The warrant also authorized seizure of illegal drugs and related evidence. It also authorized *seizure* of firearms, explosive devices, etc. but only if the premises were found to contain illegal drug-related evidence. Search Warrant ¶ F (Docket Item 45).

Pressey argues that "[t]he search of the closed containers where the pipe bombs were allegedly located, exceeded the scope of the search warrant." Mot. to Suppress at 10. He is wrong. Under the warrant, the agents were entitled to search the containers to see if they contained illegal drugs. United States v.

3

Rogers, 521 F.3d 5, 10 (1st Cir. 2008) (approving search of containers if it is reasonable to believe that they might conceal items subject to the warrant).  Once agents discovered the illegal pipe bombs in the closed containers, they were entitled to seize the pipe bombs as illegal contraband irrespective of the warrant-based authority.  United States v. Robles, 45 F.3d 1, 6 (1st Cir. 1995) ("Law enforcement agents may seize evidence in plain view during a lawful search even though the items seized are not included within the scope of the warrant."); see also Horton v. California, 496 U.S. 128, 137-42 (1990) (holding evidence admissible that was discovered in plain view during search for other items recited in search warrant, even if officer conducting search was interested in discovering evidence not specifically mentioned in warrant).

    The motion is therefore **DENIED IN PART**.

    The motion shall be scheduled for an evidentiary hearing on Grounds 4 and 5.

    **SO ORDERED.**

    **DATED THIS 17TH DAY OF DECEMBER, 2009**

    /S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4